UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Eric N. Lindsey, | ) | CASE NO. 5:21 CV 732 |
|     Plaintiff, | )<br>) | JUDGE JOHN R. ADAMS |
| v. | )<br>) | |
| Timothy J. Heinz, | )<br>) | MEMORANDUM OF OPINION<br>AND ORDER |
|     Defendant. | )<br>) | |

Timothy J. Heinz, acting *pro se*, initiated this action by filing a Notice of Removal of a state action filed against him by Plaintiff Eric N. Lindsey in the Portage County Municipal Court. (Doc. No. 1.) Although Mr. Heinz did not attach a copy of the state-court complaint with his Notice of Removal as required, the Portage County Municipal Court docket indicates that the action he seeks to remove is an eviction action. *See Eric N. Lindsey v. Timothy J. Heinz,* 2021 CVG00364K (Portage County Mun. Ct.). The state-court complaint alleges that Mr. Heinz is unlawfully detaining possession of premises in Ravenna, Ohio owned by the Plaintiff and seeks a writ of restitution to remove Mr. Heinz from the premises.

"A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction." *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1254 (6th Cir. 1996) (citing 28 U.S.C. §1447(c), which states: "If at any time . . . it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded."). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). This burden is a difficult one; removal statutes are "strictly construed and all doubts resolved in favor or remand." *Id*. at 550.

It is apparent that the Court lacks subject-matter over this matter and that this action must remanded.

Federal district courts generally have original jurisdiction only over civil actions that arise under the Constitution, laws, or treaties of the United States, and over cases that involve parties of diverse citizenship that meet an amount-in-controversy requirement. *See* 28 U.S.C. §§ 1331; 1332(a). Neither federal question, nor diversity jurisdiction exist in this case.

Removal based on a federal question is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The eviction action sought to be removed, however, does not present a cause of action arising under federal law. On its face, the state-court complaint alleges only claims against Mr. Heinz arising under state law. Although Mr. Heinz's Notice of Removal refers to provisions of the United States Constitution and the Uniform Commercial Code, federal causes of action raised in defenses to a complaint are not adequate to establish federal question jurisdiction and do not provide a proper basis for removal. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 84, 808 (1986).

Diversity jurisdiction is applicable to cases between "citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction does not exist because the complaint on its face indicates that all parties to this action are citizens of Ohio. Further, an action may not be removed on the basis

of diversity of citizenship where, as here, any defendant in the case "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

## Conclusion

Accordingly, this Court lacks subject-matter jurisdiction, and this action will be remanded to the Portage County Municipal Court, *sua sponte*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.
May 3, 2021

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

Case: 5:21-cv-00732-JRA Doc #: 7 Filed: 05/07/21 3 of 3. PageID #: 88

3